**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


RAVANNA S. BEY, JR.,        :
                          : Civil Action No. 11-5505 (JBS)
           Petitioner,    :
                          :
      v.                     : **OPINION**
                          :
STATE OF NEW JERSEY, et al.,  :
                          :
          Respondents.    :


**APPEARANCES:**

**RAVANNA S. BEY, JR.**, Petitioner pro se
101914
BURLINGTON CNTY DET CNTR
54 GRANT STREET
MT. HOLLY, NJ 08060


**SIMANDLE**, District Judge:

This matter is before the Court on the application of Petitioner Ravanna S. Bey, Jr. for a writ of mandamus. Petitioner submitted an application to proceed in forma pauperis with an affidavit of indigency and his prison account statement, as required under 28 U.S.C. § 1915(a)(2).  It appears that Petitioner qualifies for indigent status.  For the reasons set forth below, however, the petition for a writ of mandamus will be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner Ravanna S. Bey, Jr. ("Petitioner") brings this petition for a writ of mandamus against the State of New Jersey

and Atlantic County.  Petitioner is currently incarcerated in the Burlington County Detention Center.  Though the petition contains a substantial amount of information related to Petitioner's citizenship in the Moorish American National Republic Government, it is not clear what relief Petitioner is seeking from this Court.  Petitioner describes a criminal matter he has pending in state court and it appears that his petition relates to that matter, but, it is not clear what action he wants the named Respondents to take.  Specifically, in his "Statement of Facts" section, Petitioner states that:

> On July 5, 2011, Petitioner was transported from Camden County Correctional Facility to Atlantic County Justice Facility for Egg Harbor Twp. Police Dept. Detective Stompf #15116 who filed the criminal complaint on 3/10/11...The Respondents referred this matter to New Jersey Superior Court-Criminal Division before Judge Kyran Connor and Prosecutor Lauren Hiek on 7-15-11, Arraignment.  Jurisdiction was challenged on the record and burden of proo if on the government beyond a reasonable doubt...[Petitioner filed] motions challenging jurisdiction, motions to dismiss for lack of jurisdiction, powers prohibited to the States, supremacy clause, supplemental emancipation... Petitioners motions were denied without burden of proof of jurisdiction by the Respondents or a court order. Respondents began to allow sheriffs to intimidate and physically assault Petitioner by repeatedly slamming palms into spinal area while shackled and cuffed.

(Pet. at 4.)

In his amended petition, Petitioner states the following additional facts:

> Respondents denied Petitioner the right to reasonable bail, knowing that...Petitioner's bail should have been at most according to the bail schedule 2 -- 2000.00

2

> w/10% $200,000... Petitioner never was charged
> (booked), fingerprinted, photographed, read Miranda
> rights or arrested or arraigned by Cinnaminson Police
> or municipality...These Respondents Judge Richard E.
> Andronici and Jacqueline L. Gleason (CMCA) denied
> Petitioner of the right to be informed of the nature
> and cause of the accusation; and denied the right to be
> confronted with the witnesses against Petitioner. (No
> complaint, no victim, no arrest.)

(Am. Pet. at 5.)

Also in the amended petition, under "Relief Sought",

Petitioner states the following:

> Petitioners right to require the performance from
> Respondents and performance of the act is clear, and it
> is apparent that no valid excuse for nonperformance can
> be given, Petitioners petition for writ of mandamus
> should be granted.

(Am. Pet. at 8.)

## II. ANALYSIS

Petitioner seeks relief by a petition for a writ of

mandamus, pursuant to 28 U.S.C. § 1651.  The Mandamus Act vests

the district court with original jurisdiction over any action in

the nature of mandamus to compel an officer or agency of the

United States to perform a duty owed to a plaintiff.  See 28

U.S.C. § 1361.  It is well-established that a writ of mandamus is

an extraordinary remedy, to be granted only in extraordinary

cases.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United

States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).  Mandamus

relief is appropriate "only when the plaintiff's claim is clear

and certain and the duty of the officer is ministerial and so

3

plainly prescribed as to be free from doubt." <u>Giddings v. Chandler</u>, 979 F.2d 1104, 1108 (5th Cir. 1992).

The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy. <u>See Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980); <u>Kerr v. United States District Court</u>, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); <u>United States v. Ferri</u>, 686 F.2d 147, 152 (3d Cir. 1982).  Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." <u>Coombs v. Staff Attorneys</u>, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

Here, the Court finds no basis for mandamus relief.  First, it is not clear to the Court what action the Petitioner is requesting from the state officials.  Second, Petitioner has not shown that his right to the writ is clear and undisputable.  Third, the named respondents are not federal officers that owe a non-discretionary duty to petitioner.  Finally, Petitioner has not demonstrated that he has no other remedy.  Therefore, Petitioner has failed to show any extraordinary factors that

4

would warrant resort to a petition for a writ of mandamus.  Most significantly, however, Petitioner's mandamus action is asserted against state officials, not federal officers, and therefore, the mandamus action must be dismissed for lack of subject matter jurisdiction.  See 28 U.S.C. § 1651.

### III.  CONCLUSION

Based upon the foregoing, the petition for a writ of mandamus will be dismissed for lack of subject matter jurisdiction.  No fees or costs of suit will be assessed. An appropriate Order accompanies this Opinion.


**December 22, 2011**                    **s/ Jerome B. Simandle**
Dated                                    JEROME B. SIMANDLE
                                         United States District Judge

5